UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE TORRES RANGEL,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>DAVE DAVEY, Warden,<br><br>　　　　Respondent. | NO. CV 14-4327-DSF (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　On June 5, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause on or before *July 16, 2014*, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

On April 9, 2010, a Los Angeles County jury convicted Petitioner of first degree murder, attempted premeditated murder, conspiracy, assault with a deadly weapon, and extortion. (Petition at 2.). The court sentenced Petitioner to life without the possibility of parole, 107 years to life, and 17 years, 8 months in prison. (*Id.*) On February 15, 2012, the California Court of Appeal struck one of the firearm enhancements, thus reducing the indeterminate part of Petitioner's sentence by 25 years, but otherwise affirmed the judgment. (*Id.* at 2-3; *People v. Murillo*, 2012 WL 488260, *23 (Cal. Ct. App. 2012.)  On May 9, 2012, the California Supreme Court denied review. (*Id.* at 3.)

On August 28, 2012, Petitioner filed a habeas petition in the Superior Court, which was denied on September 28, 2012. (*Id.* at 4.) Petitioner did not file any other state habeas petitions. (*Id.*)

On May 30, 2014, Petitioner constructively filed the instant petition in this court in which he raises six grounds. (*Id.* at 5 to 6-A; back of envelope.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only subdivision relevant here is (d)(1)(A).

The California Supreme Court denied review on direct appeal on May 9, 2012. Petitioner's conviction became final 90 days later on August 7, 2012. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations expired on August 7, 2013.

### A.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner entitled to statutory tolling from August 28, 2012 (the filing of the habeas petition in the Superior Court) to September 28, 2012 (the denial of the petition). At the point Petitioner filed the state habeas petition, he had used up 21 days of the 365-day limitations period (from August 7, 2012, when the conviction became final, to August 28, 2012, when Petitioner filed the state habeas petition). When the limitations period began to run again on September 28, 2012, he had 344 days remaining (365 - 21). However, 609 days elapsed until he constructively filed here on May 30, 2014. Thus, he was 265 days late (609 - 344).

Absent equitable tolling, the petition is time-barred.

### B.  Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of

an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

Petitioner does not indicate he is entitled to equitable tolling. The petition remains time-barred.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before *July 16, 2014*, Petitioner shall show cause why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to respond to this order to show cause by the above deadline, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: June 16, 2014

                                                 */s/ Alicia G. Rosenberg*
                                               ALICIA G. ROSENBERG
                                               United States Magistrate Judge